IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TIMOTHY LAMONT RUFF,**

    **Petitioner,**

v.                                  **CIVIL ACTION NO. 2:15cv5**
                                         **(Judge Bailey)**

**MR. ODOM, Acting Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On January 7, 2015, Petitioner, Timothy Ruff, initiated this case by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.C. § 2241 raising claims regarding the conditions of his confinement at FCI Gilmer. On January 28, 2015, Petitioner paid the $5 filing fee in lieu of a Motion for Leave to Proceed *in forma pauperis*. This case is before the undersigned for preliminary review and report and recommendation pursuant to LR PL P 2.

### II. PETITION

Petitioner alleges that he suffers from sleep apnea, a disorder he alleges is characterized by complete cessation of breathing during sleep. Petitioner indicates that he is required to use a CPAP machine. Petitioner also indicates that he was transferred to FCI Gilmer from FCI McDowell. Petitioner alleges that FCI Gilmer is a care level two medical facility, and therefore, there are many people incarcerated there with medical disabilities. Petitioner alleges that he is in a cell that violates BOP Program Statement 1060.11 dealing with rated capacity. More specifically, Petitioner alleges that he is housed in a cell that has been transformed to equip three inmates. Petitioner maintains that this housing situation creates a hazard and is potentially dangerous if one of his cell mates were to accidently unplug his CPAP machine. Petitioner also alleges that the over-crowding creates random acts

of violence. Finally, Petitioner alleges that there are not enough officers to assist with the disabled inmates. For relief, Petitioner asks that all three-man cells be removed and the provisions of the Inmate Program Statement enforced.

### III. ANALYSIS

A section 2241 petition is used to attack the manner in which the sentence is executed. See 28 U.S.C. § 2241. In a 2241 petition, a prisoner may seek relief from his parole, computation of his sentence or disciplinary actions taken against him. "[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody." Glaus v.Anderson, 408 F.3d 382, 386 (7th Cir. 2005). Also worth noting is that at the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement," or "seeking immediate release or a speedier release from active confinement." Preiser v. Rodriguez, 411 U.S. 475, 498 (1973). On the other hand, a Bivens action is used to hold federal officers "individually liable for constitutional violations." Starr v. Baca, 625 F.3d 1202 (9th Cir. 2011). Even more generally, a Bivens action allows individuals to sue a federal actor because he or she violated a right guaranteed by the Constitution or a federal law. See Bivens, 403 U.S. at 392-94. Further, " [a]lthough ' more limited in some respects,' a Bivens action is the federal analog to an action against state or local officials under § 1983." Id. ( quoting Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006)); see Preiser, 411 U.S. at 499 ( "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody." )

In the instant action, Petitioner's claims are not an attack on, nor are they related in any way to, the execution of his sentence. To pursue the claims he raises herein, Petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971),[1]

---

[1] In Bivens, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under §1983.

and pay the $350.00 filing fee.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that this matter be **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to file a Bivens action.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as reflected on the docket sheet.

DATED: 1-30-2015

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE